IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JAN 2 6 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: 3:12CV059 |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION FOR ENTRY OF SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT THEREOF

Simultaneous herewith, Plaintiff, the United States, has filed a complaint (Dkt # 1) alleging that Defendant, the Commonwealth of Virginia, is violating Title II of the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. § 12131-12134, and its implementing regulations, regarding the provision of services to individuals with disabilities in the most integrated settings appropriate to meet their needs. In resolution of the United States' claims, and to ensure that individuals with intellectual and developmental disabilities ("ID/DD") in Virginia receive services and supports in accordance with this obligation, the United States and the Commonwealth have entered the attached Settlement Agreement ("Agreement"), conditioned upon entry of the Agreement as an order of this Court.

### FACTUAL BACKGROUND

On August 21, 2008, the United States notified the Commonwealth that it was commencing an investigation of the Central Virginia Training Center ("CVTC"), pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. On April 23, 2010,

1

the United States notified the Commonwealth that it was expanding the investigation to focus on the Commonwealth's compliance with the ADA with respect to individuals at CVTC. During the course of the expanded investigation, the United States determined that an examination of the Commonwealth's measures to address the rights of individuals at CVTC under the ADA implicated the statewide system and required a broader scope of review. On February 10, 2011, the U.S. Department of Justice sent a letter of findings to the Commonwealth, alleging that it is violating the ADA by unnecessarily institutionalizing, and placing at risk of unnecessary institutionalization, individuals with ID/DD throughout Virginia. The letter reported in detail the findings of the Department's investigation, provided the Commonwealth notice of its alleged failure to comply with the ADA, and outlined the specific steps necessary for the Commonwealth to meet its obligations under the ADA.

## LEGAL BACKGROUND

The ADA prohibits discrimination against individuals with disabilities by public entities: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Department of Justice has authority to enforce title II and to issue regulations implementing the statute. 42 U.S.C. §§ 12133-34. The title II regulations require public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). The preamble discussion of the "integration regulation" explains that "the most integrated setting" is one that "enables individuals with disabilities to interact with nondisabled persons to the fullest extent possible[.]" 28 C.F.R. § 35.130(d), App. B at 673 (2011). Regulations implementing title II of the ADA further prohibit

2

public entities from utilizing "criteria or methods of administration" that have the effect of subjecting qualified individuals with disabilities to discrimination or "that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities[.]" 28 C.F.R. § 35.130(b)(3).

In *Olmstead v. L.C.*, 527 U.S. 581, 597 (1999), the Supreme Court held that title II prohibits the unjustified isolation of individuals with disabilities. The Court explained that its holding "reflects two evident judgments." *Id.* at 600. "First, institutional placement of persons who can handle and benefit from community settings perpetuates unwarranted assumptions that persons so isolated are incapable or unworthy of participating in community life." *Id.* "Second, confinement in an institution severely diminishes the everyday life activities of individuals, including family relations, social contacts, work options, economic independence, educational advancement, and cultural enrichment." *Id.* at 601. Under *Olmstead*, public entities are required to provide community-based services when (a) such services are appropriate, (b) the affected persons do not oppose community-based treatment, and (c) community-based services can be reasonably accommodated, taking into account the resources available to the state and the needs of other persons with disabilities. *Id.* at 607.

## DISCUSSION

After months of negotiations, the Parties have reached the attached Agreement to resolve the United States' claim that the Commonwealth is unnecessarily institutionalizing, and placing at risk of unnecessary institutionalization, individuals with ID/DD throughout Virginia in violation of the ADA. The Agreement expands the availability of existing community services to support individuals with ID/DD. This expansion will prevent individuals with ID/DD from being unnecessarily institutionalized and enable the Commonwealth to help individuals who are

currently institutionalized but who do not oppose transitioning to community settings that can meet their needs, in accordance with the ADA.

The Parties have determined that entering into this Agreement, rather than contested litigation, is the best way to resolve the United States' claim in this matter. Accordingly, the Parties jointly move this Court to enter the attached proposed Order Entering Settlement Agreement as an Order of this Court.

Dated: January 26, 2012

| | |
|---|---|
| FOR THE UNITED STATES: | Respectfully submitted, |

NEIL H. MacBRIDE
United States Attorney
Eastern District of Virginia

*/s/ Robert McIntosh*

ROBERT McINTOSH
Assistant United States Attorney
600 East Main St., Suite 1800
Richmond, VA 23219
(804) 819-5400
Fax: (804) 819-7417
Robert.McIntosh@usdoj.gov
VA Bar # 66113

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

EVE HILL
Senior Counselor
Civil Rights Division

ALISON N. BARKOFF
Special Counsel for Olmstead Enforcement
Civil Rights Division

JONATHAN SMITH
Chief
Special Litigation Section

BENJAMIN O. TAYLOE, JR.
Deputy Chief
Special Litigation Section

*/s/ Aaron B. Zisser*

AARON B. ZISSER
JACQUELINE K. CUNCANNAN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave, NW
Washington, D.C. 20530
(202) 305-3355
Fax: (202) 514-4883
Aaron.Zisser@usdoj.gov

FOR THE COMMONWEALTH OF VIRGINIA:

*Allyson K. Tysinger*
Allyson K. Tysinger
Senior Assistant Attorney General
Office of the Attorney General of Virginia
900 East Main Street
Richmond, Virginia 23219
(804) 786-1927
Fax: (804) 371-8718
ATysinger@oag.state.va.us

Virginia State Bar No. 41982