**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) |
| | ) |
| | )   CIVIL ACTION NO: 3:12cv059-JAG |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| PEGGY WOOD, *et al.* | ) |
| | ) |
| Intervenor-Defendants. | ) |
| | ) |
| _____ | ) |

## UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

Plaintiff, the United States, pursuant to Local Civil Rule 7(F), herewith sets forth its

Memorandum in Support of Motion *In Limine* to Exclude Evidence.  As set forth herein and the

accompanying motion, the United States seeks an order excluding evidence offered to show

compliance with the Court-ordered Settlement Agreement, ECF No. 112, that does not adhere to

the processes for determining compliance and achieving termination in that Court-ordered

Settlement Agreement.  Specifically, evidence that should be excluded includes:  (1) evidence

intended to demonstrate compliance that relates to facts on after October 15, 2018, that has not

been considered or assessed by the Independent Reviewer and made available to the

United States, and (2) evidence that the Independent Reviewer has determined a provision to be

in compliance when the Independent Reviewer has not found the provision to have been in compliance for at least one year.  The Settlement Agreement sets out specific processes for demonstrating compliance and for partial termination that were agreed upon by the parties and ordered by the Court, and that must control at the instant hearing.  To deviate from those requirements now would prejudice the United States, be an unnecessary use of judicial resources, and constitute a unilateral and impermissible modification of the Settlement Agreement.

## I.    Factual Background

The Court has set an evidentiary hearing for April 23 and 24, 2019.  On March 12, 2019, the Court ordered that the hearing will include presentation of evidence "to demonstrate . . . compliance or noncompliance with the provisions of the decree."  Order. 2-3 ECF No. 312.  The purpose of the hearing is to permit the Court to determine which terms of the Settlement Agreement the Commonwealth has and has not complied with and to begin the process of terminating the case.  *Id.* at 1-2.

The Court approved the Settlement Agreement on August 23, 2012.  ECF No. 112.  The Settlement Agreement provides clear and purposeful mechanisms for the Independent Reviewer to review and validate information in order to determine compliance, and for partial and complete termination of the provisions of the Agreement.  The parties intentionally agreed upon these mechanisms, this Court ordered them, and they must control at the April 2019 hearing. Departing from them would constitute an impermissible unilateral modification of the Settlement Agreement.

With respect to determinations of compliance, the Agreement provides that the Independent Reviewer is responsible for "conduct[ing] the factual investigation and verification of data and documentation necessary to determine whether the Commonwealth is in

compliance." Order Approving Settlement Agreement. 42, ECF No. 112. The Agreement

ensures that the Independent Reviewer has full access to people, places, information, and

documents as necessary to determine compliance with the Agreement. *Id.* at 43. The

Independent Reviewer is required to conduct reviews on a six-month cycle and file a written

report on the Commonwealth's compliance at the end of each cycle. *Id.* at 42. "Either Party

may file a written report with the Court noting its objections to the portions of the Independent

Reviewer's report with which it disagrees." *Id.* at 42.

With respect to termination, the Settlement Agreement provides that the parties may

agree to terminate all or a portion of the Agreement prior to the end of State Fiscal Year 2021

*when the Commonwealth has proven that it has sustained compliance for one year* with the

Agreement or a portion thereof. *Id.* at 46. The Commonwealth bears the burden to make this

showing. *Id.*

II.     **The Settlement Agreement's Requirements for Determining Compliance and for Termination Control the Presentation of Evidence at the Hearing.**

The Settlement Agreement's processes for determining compliance and for termination

must control the presentation of evidence at the April 2019 hearing. The parties and the

Independent Reviewer have followed and relied upon these processes to date, and must continue

to do so. Permitting the Commonwealth to introduce evidence at the hearing to show

compliance in a manner that departs from the processes agreed upon and ordered in the

Settlement Agreement would amount to a unilateral amendment of the Agreement. Amendment

or modification of a consent decree is permitted only where unexpected, changed factual

conditions "make compliance *substantially* more onerous" or where federal law has changed so

as to make "one or more of the obligations . . . impermissible". *Rufo v. Inmates of Suffolk*

*County Jail*, 112 S. Ct. 748, 760, 762 (1992); *see also* Fed. R. Civ. P. 60(b)(5). Neither

circumstance is present here.  Further, the Commonwealth has not even asked to modify the Settlement Agreement, let alone attempted to meet its burden to show such a "significant change."  *Id.* at 760.  To permit such a modification "would undermine the finality of such agreements" and would compromise the utility of settlement negotiations for institutional reform. *Id.* at 763.

Thus, consistent with the Settlement Agreement's requirements for determining compliance, only evidence that has been made available to and assessed by the Independent Reviewer, and provided to the United States, should be introduced at the hearing in order to demonstrate compliance.  And the fact that the Independent Reviewer has determined a provision to be in compliance should be permitted as evidence only where the Independent Reviewer has found that provision to have been in sustained compliance for at least one year.

The Independent Reviewer filed his most recent Report on Compliance with the Settlement Agreement on December 13, 2018.  ECF No. 300.  At that time, he had found the Commonwealth in sustained compliance for at least one year with 65 provisions.  IR Report. 6-30, ECF No. 300.  The Independent Reviewer found that the Commonwealth had achieved compliance for the first time in the past year with another five provisions.  *Id.* at 6-30.  These conclusions were based on information gathered prior to October 15, 2018; this information was provided by the parties and collected by the Independent Reviewer, including data and documentation provided by the Commonwealth and independent studies and interviews conducted by the Independent Reviewer and his subject matter experts.  *Id.* at 31-32.

The Commonwealth should not now be permitted to introduce new evidence in an attempt to demonstrate compliance, to the extent it relates to facts as of October 15, 2018 or later, because it would be a material alteration of the Settlement Agreement and would be

prejudicial to the United States for the Commonwealth to rely on evidence that the United States or the Independent Reviewer have not yet had an opportunity to examine and test. The Independent Reviewer reviewed all data and documentation that was available before October 15, 2018, in making his determinations of compliance for his December 2018 report. By conducting independent studies and interviews, the Independent Reviewer, for the benefit of the parties and the Court, validates the documentation and data provided by the Commonwealth. Any evidence relating to October 15, 2018, or later, therefore, has not been examined nor been subject to validation. Reliance on such evidence as grounds for ordering partial termination would constitute an end-run around the purposeful provisions of the Agreement that are intended to create a process for verification of the Commonwealth's documentation and data regarding compliance.

Further, it would prejudice the United States if the Commonwealth were permitted to introduce such evidence at the hearing. Neither the Independent Reviewer nor the United States will have had the opportunity to review or test such evidence prior to the hearing. While such evidence may be important to a future determination of compliance, it should first be subject to the process required by the Agreement for the Independent Reviewer's review, assessment, and reporting, and should be excluded from the present hearing.

Further, it is inappropriate and unnecessary for the Court to consider evidence intended to show compliance for the purpose of terminating any provisions where that evidence is that the Independent Reviewer has found compliance if he has not found that the compliance has been sustained for one year. The Settlement Agreement makes clear that the Commonwealth may be relieved of a portion of the Settlement Agreement only after it has demonstrated sustained compliance with that portion for one year. Order Approving Settlement Agreement. 46, ECF

No. 112.  Because the Settlement Agreement does not permit termination prior to one year of sustained compliance, the Court should not consider termination at the hearing for any provisions where this has not been achieved.  There are 65 provisions that the Independent Reviewer has determined have been in sustained compliance for one year as of October 15, 2018.  IR Report. 6-30, ECF No. 300.  These provisions are appropriate subjects of examination at the hearing and consideration for partial termination.  However, other provisions should not be released where the basis for termination is a compliance determination by the Independent Reviewer that has not been maintained for at least one year (III.E.2, IV.B.15, IV.C.5, IV.D.3, and V.C.3).  Further, since any provisions as to which the Commonwealth has not achieved sustained compliance for one year may not be terminated at this time, it would be an unnecessary use of judicial resources to consider such evidence to demonstrate compliance with those provisions at the hearing.

## III.    Requested Relief

For the foregoing reasons, the United States respectfully requests that the Court provide the following relief:

1. Prohibit the introduction or use of evidence to demonstrate compliance with the Settlement Agreement if it relates to facts on or after October 15, 2018, and has not been provided to and assessed by the Independent Reviewer and provided to the United States; and

2. Prohibit the introduction or use of evidence to demonstrate compliance with provisions of the Settlement Agreement where that evidence is a compliance determination by the Independent Reviewer that has not been sustained for at least one year, based on his December 2018 Report, ECF No. 300 (provisions III.E.2; IV.B.15, IV.C.5, IV.D.3, and V.C.3).

Respectfully submitted,

Dated:  April 18, 2019

FOR THE UNITED STATES:

G. ZACHARY TERWILLIGER
United States Attorney
Eastern District of Virginia

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

By:____/s/_____
ROBERT McINTOSH
Virginia Bar Number 66113
Attorney for the United States of America
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 819-7417
Robert.McIntosh@usdoj.gov

BENJAMIN O. TAYLOE, JR.
Deputy Chief
Special Litigation Section

By:_____/s/_____
KYLE SMIDDIE
JESSICA POLANSKY
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section

950 Pennsylvania Ave, NW
Washington, D.C.  20530
Phone:   (202) 532-3249
Fax:  (202) 514-4883
kyle.smiddie@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18 day of April, 2019, I will electronically file the foregoing

UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE

EVIDENCE with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:


Allyson Kurzmann Tysinger
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
ATysinger@oag.state.va.us

Gerard Thomas Schafer
Schafer Law Group
5265 Providence Rd
Suite 303
Virginia Beach, VA 23464
rschafer@schaferlawgroup.com

Thomas York
The York Legal Group LLC
3511 North Front Street
Harrisburg, PA 17110
tyork@yorklegalgroup.com


_____/s/_____  _____
Robert P. McIntosh
Virginia Bar Number 66113
Attorney for the United States of America
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone:  (804) 819-5400
Facsimile: (804) 819-7417
Email: Robert.McIntosh@usdoj.gov