IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                             Civil Action No. 3:12cv59

COMMONWEALTH OF VIRGINIA,
        Defendant,

and

PEGGY WOOD, et al.,
        Intervenor-Defendants.

## ORDER

This matter comes before the Court after a status conference in this case. In his December 15, 2020 Report, the Independent Reviewer reported that the Commonwealth had achieved "sustained compliance" with Sections IV. and VI.D. of the Consent Decree. (*See* ECF No. 383, at 21, 39.) At the status conference, the parties agreed. Accordingly, the Court FINDS the Commonwealth in compliance with Sections IV. and VI.D. of the Consent Decree and, RELIEVES the Commonwealth of those portions of the Consent Decree. (*See* Consent Decree at 33, § VII.C.) The Court commends the parties, and especially the Commonwealth, on a job well done as to those portions of the Consent Decree.

In his December 15, 2020 Report, the Independent Reviewer also reported that the Commonwealth remains out of compliance with many sections of the Consent Decree. At the status conference, the parties agreed and also reported that the Commonwealth would not be able to achieve full compliance by July 1, 2021—the date the Consent Decree identifies as when "[t]he Parties anticipate that the Commonwealth will have" achieved full compliance. (Consent Decree at 33, § VII.B.) Accordingly, the Court extends the anticipated end of the Consent Decree to July

1, 2022, and retains jurisdiction of this action for all purposes until July 1, 2022. If any party objects to either of these actions by the Court, that party SHALL file a written notice stating the basis for its objection within seven (7) days of the date of this Order.

The Court also ORDERS the following:

Within sixty (60) days of the date of this Order, the United States SHALL file a brief addressing the following issues:

1) What authority does the Court have to extend the timeline for the Commonwealth to comply with the Consent Decree and to retain jurisdiction over the action?

2) What procedural steps must be taken, when, and by whom when the Commonwealth has failed to fulfill its obligations under the Consent Decree?

3) What remedies or sanctions may the Court impose when the Commonwealth has failed to fulfill its obligations under the Consent Decree?

4) Does the Court have the authority to hold the Commonwealth in contempt for failure to fulfill its obligations under the Consent Decree and, if so, what individuals or entities may it hold in contempt and what contempt sanctions may it impose?

The Commonwealth SHALL files its response within thirty (30) days after the United States' brief.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 11 March 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge